UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-cv-112-R

TERRIE L. WEDDING LEONARD and
JERRY W. LEONARD,
PLAINTIFFS

v.

McKENDREE COLLEGE, et. al.,
DEFENDANTS

**OPINION & ORDER**

This matter comes before the Court on the Plaintiffs' Motions to Amend, Reconsider, Vacate and/or Reopen their case (Docket #65) based on the Court's September 22, 2006 order dismissing their claims (Docket #61). The Defendants' have responded to the Plaintiffs' motions (Docket #66) and the Plaintiffs have replied to that response (Docket #68). In addition, the Plaintiffs have filed a motion to strike the response of the Defendants (Docket #67). The Defendants have responded to the motion to strike (Docket #69), and the Plaintiffs have replied to that response (Docket #70). These motions are now ripe for adjudication. For the following reasons, the Plaintiffs' Motions (Dockets #65 & #67) are **DENIED**.

**STANDARD**

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. American International*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously

unavailable." *GenCorp*, 178 F.3d at 834.  A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834.

## DISCUSSION

The Plaintiffs have asserted twenty-two (22) reasons stating why the Court should alter, amend, vacate and/or reopen their case.  In reviewing all twenty-two (22) arguments, the Court finds that none of them have merit.  Essentially, the Plaintiffs contend that: 1) they complied with every order issued by the Court, and therefore, the Court erred in citing this as a reason to dismiss their case; 2) the Defendants obstructed discovery and delayed the case, not the Plaintiffs; 3) the Court treated the Plaintiffs unfairly and demonstrated a clear prejudice against them in comparison to the Defendants; 4) Plaintiffs' attorney was suffering from a mental illness, and therefore, was incompetent; and 5) the Court did not properly handle the Plaintiffs' case when they were *pro se* litigants.  None of these arguments warrant the relief sought by the Plaintiffs in their instant motions.

In the order of September 22, 2006 dismissing the Plaintiffs' case, the Court noted that it had extensively reviewed the discovery in this matter and made the best efforts to facilitate the discovery process, yet the Plaintiffs continually did not follow the Court's orders and instructions.  The Plaintiffs did not meet numerous discovery deadlines despite assurances from the Plaintiffs and their counsel.  *See* Dockets #30, #42, #44 and #56.  After repeatedly ignoring the orders of this Court, the Court was left with no alternative except to dismiss the action.

While the Court recognizes that generally courts grant some leniency to *pro se* litigants, in the instant case, the Plaintiffs did not abide by the orders of the Court, and therefore, dismissal was warranted. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514-

15 n. 11 (6th Cir. 2002); *Stamtec, Inc. v. Anson*,195 Fed. Appx. 473, 478 (6th Cir. 2006)("dismissal 'or entry of default judgment' is not an abuse of discretion if a party has the ability to comply with discovery orders but fails to do so.")(quoting *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990)); *see generally Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Accordingly, the Court did not err in dismissing the Plaintiffs' case.

## CONCLUSION

**IT IS SO ORDERED:**

The Plaintiffs' Motion to Amend, Reconsider, Vacate and/or Reopen (Docket #65) and the Plaintiffs' Motion to Strike (Docket #67) are **DENIED**.